IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4 06 CV01029 DDN |
| v. | ) |
| | ) |
| MID-AMERICA PIPING, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

COMES NOW Auto-Owners Insurance Company (hereinafter "Plaintiff) and in support of its Motion to Compel B.O.O., L.L.C. (hereinafter "B.O.O.") to comply with Plaintiff's document subpoena directed to B.O.O. states as follows:

  1.  On March 19, 2007 Plaintiff served a subpoena on B.O.O. d/b/a Midwest Agency. The subpoena requested production of the following documents:

  (1) Any and all Agency Contracts entered into by and between Midwest Agency (hereinafter "Midwest") and Auto Owners Insurance Company (hereinafter "Auto Owners"), specifically those entered into on or about April 7, 1998 and January 1, 1999, as well as any and all addenda to and/or renewals of said contracts;
  (2) All Letters of Instruction issued by Auto Owners to Midwest Agency related to or in connection with such Agency Contracts;
  (3) Any and all guaranty agreements entered into by Midwest Agency or any person or party associated with Midwest Agency in favor of Auto Owners Insurance Company;
  (4) Any and all Powers of Attorney provided by Auto Owners to Midwest Agency related to or in connection with the Agency Contracts between them;
  (5) Any and all Guaranties of Payment executed on behalf of Midwest for the benefit of Auto Owners in connection with any Agency Contracts between them;
  (6) The contract entered into by and between Cannon General Contractors and Mid-America Piping on or about January 5, 2005, for work on a project known as the Buchanan Creek Sewer Improvement project ("the Project"), including any and all change orders issued pursuant to said contract and/or other addenda;
  (7) Performance and Payment Bond #837380, executed by John O'Connor of Midwest Agency, purportedly as attorney-in-fact for Auto Owners, on June 22, 2004, naming Mid-

1

America Piping as principal and Public Water Supply District #2 of St. Charles County, Missouri, as obligee;

(8) Performance and Payment Bond #837464, executed by John O'Connor of Midwest, purportedly as attorney-in-fact for Auto Owners, on February 9, 2005, naming Mid-America Piping as principal and Cannon General Contractors, Inc. as obligee;

(9) Any and all correspondence between Auto Owners and Midwest Agency between January 1, 2004, and December 31, 2006, pertaining to, relating to, or referencing application for or execution of the bonds referred to in (6) and (7) above, including but not limited to any and all letters, telefacsimiles, e-mail, notes of telephone calls, diaries, logs, calendars, datebooks, internal memoranda, and voice mail;

(10) All records of telephone calls and conversations between anyone associated with Midwest Agency and anyone associated with Auto Owners relative to bonds produced or written by Midwest Agency for its clients submitted to Auto Owners to consider whether it should become surety thereon, including telephone call billing records, calendars, day-books, memoranda of telcalls received or made, correspondence confirming telcons and the like.

(11) Executed and notarized Custodian's Affidavit providing that documents produced are originals or true, accurate and complete copies of all of the documents in the possession of Midwest Agency called for by this subpoena and this Exhibit A attached to such subpoena and a privilege log as to any and all documents not produced.

2.	On March 26, 2007, B.O.O. d/b/a Midwest Agency filed a Motion to Quash Auto-Owners' subpoena directed to it, stating as grounds for such Motion that the requests directed to B.O.O. were irrelevant to the action herein, and that the requests were really designed to function as discovery tools in Plaintiff's separate action against B.O.O. d/b/a Midwest Agency.

3.	On March 30, 2007, counsel for Plaintiff sent a letter to counsel for B.O.O. in a good faith effort to resolve the present discovery dispute. See **Exh. A**, attached.

4.	By its letter of April 3, 2007, counsel for B.O.O. re-asserted its objections to the subpoena and stated that the matter would be decided by the Court. See **Exh. B**, attached.

5.	The scope of discovery is broad, and any requests designed to lead to the discovery of admissible materials are proper.  See FRCP 26 (b) (1), FRCP 34 (a), Advisory Committee notes to the 1970 amendment to FRCP 45 (d) (1).

6.	 Plaintiff's subpoena requests documents pertaining to bonds issued on behalf of Mid-America Piping.

7. It is evident that the requests are relevant to this action in which Plaintiff's liability on its bond issued through Midwest Agency on behalf of Mid-America Piping is at issue.

8. B.O.O.'s argument that Plaintiff's pleadings do not specifically claim that the bond is void due to lack of authorization from Auto-Owners does not change this. Documents may still be discoverable despite no explicit connection between them and the allegations contained in the pleadings.

9. However, the "wherefore" clause in Count IV of the Complaint does explicitly ask the Court to declare the bond null and void because it was never executed by an authorized agent of Mid-America Piping, and because no payment on the premium was made. There can not be any doubt that (1) the validity of the bond is at issue, and (2) that Plaintiff is entitled to discovery regarding all matters pertaining to the validity of the bond. The documents responsive to the subpoena requests also may show that the bond at issue is void for reasons other than the ones cited in the Complaint, and Plaintiff is entitled to these documents for this additional reason.

10. It is also irrelevant that the documents responsive to the subpoena requests might also pertain to Auto Owners' separate lawsuit against Midwest Agency et al. As long as the discovery request calls for relevant materials or is reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, the request is proper.

11. The subpoena at issue does not fall into any of the categories listed in FRCP 45(c)(3) and is therefore subject to being quashed by this Court.

12. Since B.O.O.'s Motion to Quash amounts to nothing more than an improper attempt to avoid the production of documents properly subpoenaed by Plaintiff, Plaintiff is

3

entitled to file a Motion to Compel the production of such documents pursuant to FRCP 45 (c) (2) (B), FRCP 37.

13. Plaintiff has made a good faith effort to obtain the documents at issue outside of court proceedings by the above-referenced letter attached as Exh. A, and B.O.O.'s improper attempt to avoid such production requires that B.O.O. pay Plaintiff's reasonable costs and attorney's fees in bringing its Motion to Compel.

WHEREFORE, Auto-Owners moves this Court to order B.O.O., L.L.C. to produce the requested documents immediately at pain of sanctions, assess Auto Owners' costs and attorney's fees associated with this Motion against B.O.O., L.L.C., and for such other and further relief as this Court deems just and reasonable.

**REINERT & ROURKE, P.C.**

/s/ Boris A. Kaupp
Bernard A. Reinert, #4145
Boris A. Kaupp, #115198
812 N. Collins, Laclede's Landing
St. Louis, MO 63102-2174
Telephone: (314) 621-5743
Facsimile: (314) 621-8071
Email: breinert@reinertrourke.com
Attorneys for Auto-Owners Ins. Co.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2007 a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court, therefore to be served by operation of the Court's electronic filing system upon the following:


Brian E. McGovern
**McCarthy, Leonard, Kaemmerer, Owen, McGovern, Striler & Manghini, L.C.**
400 South Woods Mill Road, Ste. 250
St. Louis, MO 63017

Christopher J. Rausch
**Rausch Law Firm, L.L.C.**
220 Salt Lick Road
St. Peters, MO 63376

Fredrick J. Ludwig
**Blackwell Sanders Peper Martin LLP**
720 Olive Street, Suite 2400
St. Louis, MO 63101

Joel D. Brett
**Barklage, Brett, Wibbenmeyer & Hamill, P.C.**
211 North Third Street
St. Charles, MO 63301

Lawrence B. Grebel
Brett A. Williams
**Brown & James, P.C.**
1010 Market Street, 20th Floor
St. Louis, MO 63101

                                            _____/s/ Boris A. Kaupp_____