UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1029SNL |
| | ) | |
| MID-AMERICA PIPING, INC., ET. AL., | ) | |
| | ) | |
| Defendants/Cross-Claimants | ) | |

| | |
|---|---|
| MID-AMERICA PIPING, ROBERT PENDERGRASS, and WENDI PENDERGRASS, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| CANNON GENERAL CONTRACTORS, | ) |
| | ) |
| Counter-Claim Defendant | ) |

| | |
|---|---|
| MID-AMERICA PIPING, ROBERT PENDERGRASS, and WENDI PENDERGRASS, | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| TRABUE, HANSEN & HINSHAW, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on third-party defendant Trabue, Hansen & Hinshaw's (THH) motion to dismiss third-party complaint (#34), filed January 4, 2007. Responsive pleadings have now been filed. Following consolidation of this case with 4:07CV394SNL, this matter is now ripe for disposition.

Before addressing the instant motion, a brief summary of the background of this litigation is necessary. In May 2004, defendant Mid-America Piping and the Pendergrasses applied for and obtained surety bonding credit from the plaintiff Auto-Owners Ins. Co. As consideration and as a prerequisite to obtaining this surety bonding credit, Mid-America Piping and the Pendergrasses executed a General Agreement of Indemnity. In November 2004, the City of Troy, Missouri contracted with defendant Cannon General Contractors (Cannon) for a construction project entitled "Buchanan Creek Sanitary Sewer Main Improvements". In February 2005, in anticipation of entering into a sub-contract with defendant Cannon, defendant Mid-America Piping and the Pendergrasses applied and obtained from plaintiff Auto-Owners Ins. Co. a performance and materials & labor surety bond. Said surety bond was executed by Mid-America and the Pendergrasses as principal and Cannon as obligee and general contractor under the prime contract with the City of Troy. On February 25, 2005, Mid-America and Cannon entered into a sub-contract regarding work to be performed on the "Buchanan Creek Sanitary Sewer Main Improvements" construction project.

In June 2005, Cannon gave Mid-America forty-eight (48) hours notice of terminating the sub-contract, and shortly thereafter hired another contractor to finish the work that Mid-America had been hired to perform. Cannon cancelled its sub-contract with Mid-America because it alleged that Mid-America had failed to comply with the time requirements of the sub-contract,

2

failed to properly install manholes, and failed to make payments to suppliers, vendors, and employees as required by the sub-contract. Cannon then made a claim against the surety bond for the additional costs it incurred because of the alleged deficient performance of Mid-America Piping.

Plaintiff Auto-Owners filed a complaint against Cannon and Mid-America. Plaintiff Auto-Owners, among other things, seeks indemnity from Mid-America Piping pursuant to the terms of the surety bond for the amount of the claim asserted by Cannon. Mid-America Piping has filed, among other things, a third-party complaint against third-party defendant THH for negligent misrepresentation, breach of warranty based upon positive misrepresentation of a material fact, and indemnity. Essentially, Mid-America Piping contends that THH provided it with "defective specifications" ; i.e., underestimated the amount of cubic yards of rock excavation required for the project; and Mid-America based its bid for the sub-contract based upon this faulty estimate.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual

allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.").

THH contends that Mid-America has failed to state a cause of action against it. It argues that there is a lack of privity of contract between Mid-America Piping and THH; therefore, THH owes no duty of care to Mid-America Piping and no negligence claim can exist. THH further argues that since the claim against it is for economic loss only, again, a negligence claim cannot lie. Mid-America counters that it has a claim despite the lack of privity of contract because the Indemnity Agreement with Auto-Owners Ins. Co. subrogates it to all rights of the surety (Auto-Owners Ins. Co.). It further argues that its claim meets all the necessary elements for negligent misrepresentation.

It is undisputed that the third-party complaint does not allege that Mid-America Piping entered into a separate contract with THH, and therefore, Mid-America was not in privity of contract with THH. Generally, a party is not liable in negligence to a third-party with whom the party is not in privity. Owens v. Unified Investigations & Sciences, Inc., 166 S.W.3d. 89, 92 (Mo.App. 2005); Summer Chase Second Addition Subdivision Homeowners Association v. Taylor-Morley, Inc., 146 S.W.3d. 411, 416 (Mo.App. 2004). "Historically, there are two underlying policy reasons not to impose liability on defendants not in privity with third parties: (1) avoidance of unlimited liability to an unlimited number of persons and (2) avoidance of burdening those who contract with obligations they would not voluntarily assume." Miller v. Big River Concrete, L.L.C., et. al., 14 S.W.3d. 129, 134 (Mo.App. 2000)(citations omitted).

If neither of these policy concerns is present, the court may make an exception to the rule of lack of privity precluding negligence liability to a third party. The liability of a contractual party to those not in privity is determined on a case-by-case basis. Owens, at 92. This determination involves the "balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the

degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to defendant's conduct; and (6) the policy of preventing future harm." Miller, at 134 *citing* Westerhold v. Carroll, 419 S.W.2d. 73, 81 (Mo. 1967). Not each and every factor must be proven in order to maintain a third-party action for negligence despite lack of privity. Miller, *supra.*; Westerhold v. Carroll, *supra.*

Mid-America argues that THH owed a duty of care to it because it was foreseeable that THH's cubic rock excavation estimate would be used in submitting a bid for the subcontract with Cannon. It further argues that due to its Indemnity Agreement it is subrogated to the rights of Auto-Owners Ins. Co. as the surety. In support of these arguments it cites the cases of Westerhold v. Carroll, *supra.* and Aetna Ins. Co. v. Hellmuth, Obata, and Kassabaum, Inc., 392 F.2d. 471 (8th Cir. 1968). The Court has carefully reviewed these cases and finds them inapplicable.

Both of these cases found an architect liable to a third-party despite lack of privity of contract. However, in both of these cases, the courts found that the loss incurred by the surety was directly and proximately caused by the negligent acts of the architect. In both cases, the architect's contractual duties gave rise to a duty of care, the architect failed to perform that duty, and that the failure proximately caused the injury. In Westerhold v. Carroll, *supra.*, the defendant had a contractual duty to certify, for purposes of payment by the owner to the contractor, the correct amount of work satisfactorily performed and the correct amount of materials furnished. The defendant negligently and incorrectly certified to the owner more work had been performed than actually performed, and that more materials had been delivered than had actually been delivered. The contractor later defaulted, and the surety was required to complete the project;

6

however, there was less money available to the owner to be used by the surety than would have been available if the defendant architect had properly certified the work performed and materials furnished. In the end, the surety had to make up the difference. Westerhold v. Carroll, at 80. Here, the purpose of the certification by the architect was to prevent this exact type of loss in the event of a default by the contractor. In Aetna Ins. Co. v. Hellmuth, Obata & Kassabaum, *supra.,* the defendant architect had a contractual duty to supervise a construction project. The construction project was fraught with financial difficulties and delays. Ultimately, the surety ended up paying for duplicate work, and unpaid bills on the project due to contractor using funds to pay off bills of other projects. The Eighth Circuit Court of Appeals held that "[W]e think the Missouri law allows a recovery to a surety for loss occasioned by an architect's negligence in failing to properly supervise a construction project where the architect is obligated by the contract or agreement to supervise the construction, regardless of the lack of privity." Id., at 475.

In the present case, there is no allegation that THH was contractually obligated to supervise the construction project, or to certify the amount of work performed and the amount of materials furnished in order for payments to be processed. There is no allegation that Auto-Owners relied upon THH's purported estimation of the amount of cubic rock that needed to be excavated for the project. There is no allegation that Auto-Owner's paying out on the surety bond was directly and proximately caused by the purported under-estimation of the amount of cubic rock that needed to be excavated for the project. Auto-Owners does not contend that THH caused or contributed to the deficient performance by Mid-America Piping. The allegation is that Cannon canceled its sub-contract with Mid-America Piping because Mid-America Piping failed to comply with the time requirements of the contract, failed to properly install manholes, and failed to make payments to suppliers, vendors, and employees. In fact, according to Mid-America's

7

third-party complaint, even if the 300 cubic yards of rock excavation was grossly underestimated, it was fired before it had even excavated 200 cubic yards of rock; therefore, the underestimation was not the proximate cause of the termination of the subcontract. There simply is no contractual provision upon which the surety Auto-Owners relied upon and upon which a duty of care arose, such that the failure to perform that duty directly or proximately caused injury to the surety (and which claim is subrogated to Mid-America as indemnitor).

Finally, even if THH owed Mid-America a duty absent privity under a "foreseeability" exception, Mid-America has still failed to state a claim upon which relief can be granted. Since there was no privity of contract between Mid-America and THH, and the damages sought are for economic loss only, such claim is precluded. Summer Chase, at 417; Fleischer v. Hellmuth, Obata & Kassabaum, Inc., 870 S.W.2d. 832, 834 (Mo.App. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant Trabue, Hansen & Hinshaw's motion to dismiss third-party complaint (#34) be and is **GRANTED**. The third-party complaint is hereby **DISMISSED** in its entirety.

Dated this ___27th___ day of September, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE